**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE**

**CIVIL ACTION NO. 05-146-DLB**

**TAMMY S. MULLINS**                                                                                          **PLAINTIFF**

vs.                                          **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                                     **DEFENDANT**

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Tammy S. Mullins filed her current applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on February 27, 2002. (Tr. 420, 428-37, 479-84)[1] Plaintiff alleges she became disabled from employment as of August 29, 1998, due to emphysema, degenerative joint disease, her nerves, and back and stomach problems. (Tr. 429, 480) Plaintiff's claim was denied initially (tr. 396-400, 487-91) and on reconsideration (tr. 402-05A, 493-96). Plaintiff requested a hearing before an ALJ,

---

[1]Plaintiff filed prior applications for DIB and SSI in August of 1997. (Tr. 53-55, 58-63, 252-58) That claim proceeded through to the administrative hearing stage (tr. 340-62), resulting in a written decision in August, 1998, denying benefits (tr. 23-32). After that denial was upheld by the Appeals Council (tr. 8-9), Plaintiff appealed to the federal district court, which in February, 2002, affirmed that decision. (*See Mullins v. Social Security Administration,* U.S. District Court, Eastern District of Kentucky at Pikeville, Case No. 00-cv-430.)

which was held on November 18, 2003, in Prestonsburg, Kentucky. (Tr. 673-710) On February 10, 2004, ALJ Paris ruled that Plaintiff was not entitled to benefits. (Tr. 373-83) This decision became the final decision of the Commissioner when the Appeals Council denied review on March 16, 2005. (Tr. 363-65)

On May 10, 2005, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for review.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Secretary of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national

economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 374) At Steps 2 and 3, the ALJ found Plaintiff's morbid obesity, chronic obstructive pulmonary disease, degenerative joint disease, depression, and anxiety to be severe impairments, but that her back and stomach problems were non-severe. (Tr. 374) However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments severe enough to meet or medically equal any listed impairment in Appendix 1, Subpart P, Regulation No. 4. (Tr. 377)

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform light exertional work; that is, lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently. The ALJ also found that she should only occasionally climb, balance, stoop, crouch, kneel or crawl. (Tr. 380) Nonexertionally, he found that she should avoid dust fumes, and humidity. He concluded she has a good ability to follow work rules, deal with the public, and maintain attention/concentration; fair ability to relate to co-workers, use judgment, interact with supervisors, deal with work stresses, and function independently; a poor ability to understand, remember and carry out complex job instructions, but a good ability to understand, remember and carry out simple ones; a fair ability to behave in an emotionally stable manner; and a good ability to relate predictably in social situations and demonstrate reliability. (*Id.*) The ALJ determined that given her

RFC, Plaintiff could not return to her past relevant work as a cook and school bus driver. (Tr. 381) This finding was also supported by testimony offered at the hearing by a vocational expert (VE) as to the exertional and skill levels for her past relevant work in comparison to her RFC. (Tr. 705-07)

The ALJ therefore proceeded to the final step of the sequential evaluation. At Step 5, he found there were a significant number of jobs available to Plaintiff in both the national and regional economies despite her limitations. (Tr. 381) This conclusion resulted from testimony by the VE, in response to a hypothetical question assuming an individual of Plaintiff's age (36 at the time of the hearing and so a "younger" individual), education (more than high school), past relevant work experience, and RFC. (Tr. 706-07) The VE testified that Plaintiff could obtain employment at the light exertional level as a watchguard or office clerk; or at the sedentary level as a surveillance monitor or production inspector. (Tr. 707) Since these were positions of significant number in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Act. (Tr. 383)

**C.    Analysis**

Plaintiff's sole contention of error is that the ALJ failed to consider the single page record of the Cabinet for Families and Children. (Tr. 654) Specifically, Plaintiff points to what is titled an "Incapacity Determination," dated April 10, 2000, and signed by an unidentifiable physician and examiner. The introductory portion of this document reads "We, the undersigned, certify that we have carefully reviewed all available social and medical information on the above case and find the Client is: INCAPACITATED    RE-EXAM DATE: September 2000   REDTERMINATION [sic] REQUIRED." (*Id.*) Although Plaintiff concedes that the ALJ referred generally to having reviewed the entire record in

4

rendering his decision, Plaintiff poses that the ALJ erred by failing to discuss this record in particular, in violation of 20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5).  In response, the Commissioner argues that 1) the document does not establish that Plaintiff was incapacitated for Social Security purposes, 2) the document is otherwise immaterial to the ALJ's decision, and 3) substantial evidence otherwise supports the ALJ's decision.  For the reasons that follow, the Court finds Plaintiff's argument unavailing.

The regulations cited by Plaintiff provide that "decisions by any governmental or nongovernmental agency about whether [an individual is] disabled" are evidence that can be used "to reach conclusions about [an individual's] medical impairment(s)." *Id.* Assuming the single page document of the Cabinet for Families and Children submitted in evidence arguably constitutes such a decision, it is entitled to weight but is not determinative of disability.  *McCann v. Califano,* 621 F.2d 829, 831 (6th Cir. 1980); *McCormick v. Shalala,* 872 F. Supp. 392, 398 (E.D. Mich. 1994).

Additionally, the particular time frame for which Plaintiff was determined to be incapacitated, or whether it continues to date, is not revealed in this evidence.  The "reasons" section for the determination states, in part:

> . . . . Records do *not* clearly establish that the client has a physical condition which would limit all work activity.  Records do indicate that Ms. Mullins has a long history of anxiety and depression and is currently being seen at her local mental health clinic.  A *recent* visit indicates that she is experiencing intense anxiety, lack of sleep and symptoms compatible with a [sic] eating disorder.  Given these findings, it would appear that Ms. Mullins would have difficulty participating in a work program *at this time.* . . .

(Tr. 654)(emphasis added).  This discussion suggests any incapacity finding at the time of this April, 2000 note was temporary only, whereas Social Security regulations require an

5

impairment last or be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A).

While other agency determinations can serve as evidence, the similarity between the Social Security Administration's and that agency's governing standards and the evidence available to each are relevant considerations to determining the weight to such a finding. Here, there was no evidence directed at how the Cabinet for Families and Children's consideration of incapacity is similar to consideration of disability under the Act, or any indication of the particular evidence relied upon by the Cabinet for such finding. The document itself suggests any incapacity was only temporary, or at least set for further review within the near future. The document's content quoted above also belies any suggestion by Plaintiff that she is disabled from substantial gainful employment. Moreover, to the extent the document can be said to contain opinion evidence that Plaintiff is, in fact, disabled, it is not binding upon the ALJ. The ALJ is not required to adopt any opinion or statement that Plaintiff is disabled or unable to work, as that is an issue reserved solely to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1).

As noted by Plaintiff herself, the ALJ's decision indicates he reviewed the overall record. (Tr. 382, "[a]fter careful consideration of the entire record. . . .") Although his written decision does not explicitly note and address this incapacity determination by the Cabinet, the ALJ was not required to do so. It is well settled that

> An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.

6

*Loral Defense Systems-Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999)(citations and internal quotation marks omitted); *see also Thacker v. Comm'r of Social Security,* 99 Fed. Appx. 661, 665 (6th Cir. 2004)(unpublished decision)("[a]n ALJ need not *discuss* every piece of evidence in the record for his decision to stand")(emphasis added);[2] and *Anderson v. Bowen,* 868 F.2d 921, 924 (7th Cir. 1989)("[w]e have repeatedly held that a written evaluation of every piece of testimony and submitted evidence is not required"). Neither the Social Security Act, regulations applicable to this issue, nor precedent[3] require a written evaluation of every piece of evidence submitted. Therefore, the ALJ's failure to do so here does not constitute reversible error.

The ALJ's consideration and decision in this regard therefore complied with the applicable standard. As there is substantial evidence to support the ALJ's finding that Plaintiff does not meet the requirements for disabled status under the Social Security Act, his decision will be affirmed.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

---

[2]While not having precedential weight, consideration of *Thacker's* analysis of this issue is fitting. *United States v. Webber,* 208 F.3d 545, 551 n.3 (6th Cir. 2000)("We recognize that our unpublished opinions carry no precedential weight; they often do, however, carry persuasive weight.").

[3]Plaintiff's reliance upon *Stewart v. Heckler,* 730 F.2d 1065 (6th Cir. 1984) is misplaced. That decision discussed, among other evidence, a Veterans Administration insurance disability award. The case, however, does not stand for the proposition that a decision by another agency *must* be noted and discussed for an ALJ to satisfy the evidentiary review standard.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #9) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 14th day of August, 2006.



Signed By:
<u>David L. Bunning</u>  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-05-146-Mullins.MOO.wpd